1  JILL NEIMAN (BAR NO. 164702)
   jneiman@mofo.com
2  REBECCA S. SAELAO (BAR NO. 222731)
   rsaelao@mofo.com
3  MORRISON & FOERSTER LLP
   425 Market Street
4  San Francisco, California 94105-2482
   Telephone:  (415) 268-7000
5  Facsimile:   (415) 268-7522
   Attorneys for Plaintiff
6  APPLIED ELASTOMERICS, INC.

7  DILLINGHAM & MURPHY, LLP
   PATRICK J. HAGAN (BAR NO. 68264)
8  pjh@dillinghammurphy.com
   MARK J. ROGERS (BAR NO. 173005)
9  mjr@dillinghammurphy.com
   J. CROSS CREASON (BAR NO. 209492)
10 jcc@dillinghammurphy.com
   225 Bush Street, 6th Floor
11 San Francisco, California 94104-4207
   Telephone:  (415) 397-2700
12 Facsimile:   (415) 397-3300

13 Attorneys for Defendant
   Z-MAN FISHING PRODUCTS, INC.
14

15                   UNITED STATES DISTRICT COURT

16                  NORTHERN DISTRICT OF CALIFORNIA

17                          OAKLAND DIVISION

18

19 APPLIED ELASTOMERICS,                    Case No. C06-02469 CW
   INCORPORATED, a California corporation,
20                                          **STIPULATED PROTECTIVE
                  Plaintiff,                ORDER**
21
          v.
22
   Z-MAN FISHING PRODUCTS,
23 INCORPORATED, a South Carolina
   corporation,
24
                  Defendant.
25

26

27

28

[PROPOSED] STIPULATED PROTECTIVE ORDER
No. C06-02469 CW
sf-2222172

1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this Litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Northern District Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Northern District Court to file material under seal. The local rules of the District of South Carolina govern the procedures and standards for filing material under seal in the related action in that district.

2. **DEFINITIONS**

2.1   Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2   Disclosure or Discovery Material:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3   "Confidential" Information or Items:  information or tangible things that (a) pertain to the Designating Party's business and/or are used by it in its business; (b) are not generally publicly known; (c) the Designating Party would not normally reveal to third parties, or if it did reveal such information to third parties, would only do so subject to a requirement that such third parties maintain the information in confidence; and (d) the Designating Party in good faith believes must be protected from disclosure as set forth herein.

No information shall be regarded as Confidential Information or Items:

1       (a)    if it is in the public domain at the time of disclosure, as evidenced by a written document;

(b)    if it becomes part of the public domain through no fault of the Receiving Party, as evidenced by a written document;

(c)    if it was in the rightful and lawful possession of the Receiving Party prior to the time of the disclosure, as evidenced by a written document; or

(d)    if it is received lawfully by the receiving party at a later date from a third party without restriction as to disclosure, provided that such third party has the right to make such disclosure to the receiving party.

2.4    <u>"Highly Confidential – Attorneys' Eyes Only" Information or Items</u>: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means.  "Highly Confidential – Attorneys' Eyes Only" Information or Items may include, without limitation,

(a)    trade secrets as defined under Cal. Civil Code § 3426.1(d);

(b)    highly confidential information of third parties; or

(c)    business strategies or other competitively sensitive, proprietary or financial information which, if disclosed, would or could cause damage to a Producing Party's competitive position in the market(s) in which it operates.

Notwithstanding the foregoing, any documents or information originally provided to the Receiving Party prior to this litigation may not be designated  "Highly Confidential – Attorneys' Eyes Only."

2.5    <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6    <u>Producing Party</u>:  a Party or non-party that produces Disclosure or Discovery Material in this action.

1   2.7   Designating Party:  a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

2.8   Protected Material:  any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

2.9   Outside Counsel:  attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10   Expert:  a person with specialized knowledge or experience in a matter pertinent to the Litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party.  The following persons shall not serve as expert witnesses or consultants in this action: Don Rawlins, any person related to Don Rawlins by consanguinity, adoption or marriage, and any current or former employee of Don Rawlins or Color Technologies, Inc, or any successor to Color Technologies, Inc.

2.11   Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; acting as jury or trial consultants; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

2.12   Litigation:  Applied Elastomerics Incorporated v. Z-Man Fishing Products, and related counterclaims, Northern District of California Case No. C 06-02469 and Z-Man Fishing Products, Inc. v. Applied Elastomerics Inc., District of South Carolina Case No. 06-2022, and any appeals or retrials through final judgment.

2.13   Legend:  a stamp or similar insignia stating "Confidential" or "Highly Confidential- Attorneys' Eyes Only" (the legend "Attorneys' Eyes Only" may be used instead of or interchangeably with "Highly Confidential- Attorneys' Eyes Only") as appropriate when any document is designated "Confidential" or "Highly Confidential- Attorneys' Eyes Only" pursuant to this Stipulated Protective Order.

**3.   SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

**4.   DURATION**

Even after the termination of this Litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**5.   DESIGNATING PROTECTED MATERIAL**

5.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only such material, documents, items, or oral or written communications that qualify – so that material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2   <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (or

1  alternatively "ATTORNEYS' EYES ONLY") on each page that contains protected material at
2  the time of production.
3      A Party or non-party that makes original documents or materials available for
4  inspection need not designate them for protection until after the inspecting Party has indicated
5  which material it would like copied and produced.  During the inspection and before the
6  designation, all of the material made available for inspection shall be deemed "HIGHLY
7  CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified
8  the documents it wants copied and produced, the Producing Party must determine which
9  documents, or portions thereof, qualify for protection under this Order, then, before producing
10 the specified documents, the Producing Party must affix the appropriate legend
11 ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (or
12 alternatively "ATTORNEYS' EYES ONLY")) on each page that contains Protected Material.
13     (b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>,
14 that at the time of the deposition or other proceedings or within thirty (30) calendar days of
15 receipt of the transcript, a Party or deponent designate all or portions of the testimony as
16 "Confidential," or "Highly Confidential – Attorneys' Eyes Only."  Post-deposition
17 designation shall be specific by page.  The court reporter shall be kept reasonably informed of
18 all designations of "Confidential" or "Highly Confidential - Attorneys' Eyes Only."
19 Information such that the appropriate legend may be placed on the deposition transcripts.
20 Until expiration of the thirty (30) calendar-day post-receipt designation period referenced
21 above, the entire transcript of the deposition shall be considered "Highly Confidential –
22 Attorneys' Eyes Only" and protected from disclosure under this Order, unless the parties have
23 agreed otherwise (as evidenced by the deposition transcript or post-deposition
24 correspondence).  Prior to the expiration of the thirty (30) day designation period, a party may
25 request from the other party an extension of time to designate the transcript or portions thereof
26 "Confidential," or "Highly Confidential – Attorneys' Eyes Only."  If consent is granted, the
27 entire transcript of the deposition shall be considered "Highly Confidential – Attorneys' Eyes
28 Only" during the extended designation period.

1        Transcript pages containing Protected Material must be separately bound by
2    the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL"
3    or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (or alternatively
4    "ATTORNEYS' EYES ONLY") as instructed by the Designating Party.
5                (c) <u>for information produced in some form other than documentary, and for</u>
6    <u>any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of
7    the container or containers in which the information or item is stored the legend
8    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (or
9    alternatively "ATTORNEYS' EYES ONLY").
10                (d) <u>for interrogatory answers or responses to requests to admit</u>, designation
11    shall be made in the case of answers or responses containing Protected Material by placing the
12    Legend on each page of any answer or response containing Protected Material.  Within ten
13    days of a request to produce a version of an interrogatory answer or response to requests to
14    admit with Protected Material redacted, counsel for the responding party shall transmit (via
15    facsimile or overnight mail) to counsel for the propounding party a redacted version of the
16    entire set of interrogatory answers or responses to requests to admit.
17        5.3    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to
18    designate qualified information or items as "Confidential" or "Highly Confidential – Attorneys' Eyes
19    Only" (or alternatively "Attorneys' Eyes Only") does not, standing alone, waive the Designating
20    Party's right to secure protection under this Order for such material.  If material is appropriately
21    designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only"  (or alternatively
22    "Attorneys' Eyes Only") after the material was initially produced, the Receiving Party, on timely
23    notification of the designation, must make reasonable efforts to assure that the material is treated in
24    accordance with the provisions of this Order.  Where a party or non-party changes the designation of
25    confidentiality under this Protective Order, that party or non-party shall promptly furnish the
26    information re-designated in accordance with 5.2 above.
27
28

**6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1     <u>Timing of Challenges</u>.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid unnecessary economic burdens or a later significant disruption or delay of the Litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3     <u>Judicial Intervention</u>.  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

**7.     ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1     <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for

1 prosecuting, defending, or attempting to settle this Litigation.  Such Protected Material may be
2 disclosed only to the categories of persons and under the conditions described in this Order.
3 Notwithstanding the above provisions, this Protective Order shall not bar any attorney in the course
4 of rendering advise to his or her Party client with respect to this Litigation, from conveying to any
5 Party client his or her evaluation in a general way of Protected Material; provided, however, that in
6 rendering such advice, the attorney shall not disclose the specific contents of any Protected Material.
7 When the Litigation has been terminated, a Receiving Party must comply with the provisions of
8 section 12, below (FINAL DISPOSITION).  Protected Material must be stored and maintained by a
9 Receiving Party at a location and in a secure manner that ensures that access is limited to the persons
10 authorized under this Order.

11          7.2     Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise
12 ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose
13 any information or item designated CONFIDENTIAL only to:
14                 (a) the Receiving Party's Outside Counsel of record in this action who have
15         been apprised of this Protective Order and agreed to be bound thereby, as well as employees
16         of said Counsel to whom it is reasonably necessary to disclose the information for this
17         Litigation;
18                 (b) the officers, directors, and employees of the Receiving Party to whom
19         disclosure is reasonably necessary for this Litigation and who have signed the "Agreement to
20         Be Bound by Protective Order" (Exhibit A);
21                 (c) experts (as defined in this Order) of the Receiving Party to whom
22         disclosure is reasonably necessary for this Litigation and who have signed the "Agreement to
23         Be Bound by Protective Order" (Exhibit A);
24                 (d) the Court and its personnel;
25                 (e) court reporters, their staffs, and professional vendors to whom disclosure is
26         reasonably necessary for this Litigation;
27                 (f) during their depositions, witnesses in the action to whom disclosure is
28         reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order"

1  (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author of the document, actual recipients of the document, individuals copied on the document, or the original source of the information;

(h) any other person upon such terms and conditions as the parties may agree or as the Court may order.

7.3  <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of record in this action who have been apprised of this Protective Order and agreed to be bound thereby, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this Litigation;

(b) Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this Litigation, (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4, below, have been followed;

(c) the Court and its personnel;

(d) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this Litigation;

(e) the author of the document, actual recipients of the document, individuals copied on the document, or the original source of the information; and

(f) any other person upon such terms and conditions as the parties may agree or as the Court may order.

      7.4    <u>Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to "Experts"</u>

(a) Unless otherwise ordered by the court or agreed in writing by the Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" first must make a written request to the Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, (3) identifies the Expert's current employer(s), (4) identifies each company and governmental or educational institution from whom the Expert has received compensation for work in his or her areas of expertise or to whom the expert has provided professional services at any time during the preceding five years and a brief description of the work, and (5) identifies (by name and number of the case, filing date, and location of court) any Litigation in connection with which the Expert has provided any professional services during the preceding five years.

(b) A Party that makes a request and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the identified Expert unless, within seven (7) court days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) Within seven (7) calendar days of receipt by the Receiving Party of a timely written objection, the parties must meet and confer (through direct voice to voice dialogue) to try to resolve the matter by agreement. If no agreement is reached, the Party objecting to the disclosure to the Expert may, within fifteen (15) days from the date of the conference, file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) requesting the Court to block such disclosures. Any such motion must describe the circumstances with specificity, and assess the risk of harm that the disclosure would entail. In addition, any such motion must be accompanied by a competent declaration in which the movant describes the parties' efforts to resolve the matter by

agreement (i.e., the extent and the content of the meet and confer discussions) and sets forth the reasons advanced by the Designating Party for its refusal to approve the disclosure. In any such proceeding the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under any safeguards proposed by the Receiving Party) outweighs the Receiving Party's need to disclose the Protected Material to its Expert. The Receiving Party shall refrain from disclosure of the subject Protected Material during the period for objection, during the pendency of any objection, and during the pendency of any motion filed pursuant to this paragraph. These time periods are not to restrict any party from moving for a court order earlier if the circumstances so require.

8. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) promptly and in no event more than five court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must promptly inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**9.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**10.     FILING PROTECTED MATERIAL**

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

**11.     USE OF PROTECTED MATERIAL AT TRIAL**

This Protective Order shall apply to pre-trial discovery only. Prior to trial in this matter, any Party may seek an Order from the Court governing the use at trial of Protected Material. If Protected Material may be used at trial pursuant to the Court's Order, such Protected Material need not bear a legend identifying it as Protected Material.

**12.     FINAL DISPOSITION**

Within 120 days after the conclusion of this Litigation and any appeals thereof, all Protected Material produced by any party and any copies of such documents shall be returned by counsel of record to the party that produced the Protected Material or be destroyed. Outside counsel may retain copies of the pleadings (including discovery responses and disclosures) and deposition and trial transcripts and exhibits, and may retain documents, things, copies and samples to the extent they include or reflect attorney's work product. Any retained copies or documents that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

13. **MISCELLANEOUS**

13.1  <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2  <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3  <u>Requests for Third Party's Information</u>.  If a request for disclosure served by a Party to this Protective Order seeks production from another Party to this Protective Order of Protected Material in the possession of that other Party, and that Protected Material is subject to a third-party non-disclosure or confidentiality agreement that poses an obstacle to production, the party on whom a request for disclosure is served shall give prompt notice of the request for disclosure to the affected third party.  The third party shall have 10 days from the date of receipt of such notice to move the Court for an order preventing disclosure.  If no motion is made or if the Court orders disclosure, the Protected Material shall be produced pursuant to the terms of this Protective Order.  Until the Court rules on any such motion, the Protected Material need not be produced.

13.4  In the event any person or party shall violate or threaten to violate the terms of this Stipulated Protective Order, the aggrieved designating party may immediately apply to obtain injunctive relief against any such person or party violating or threatening to violate any of the terms of this Stipulated Protective Order.  The parties and any other person subject to the terms of this Stipulated Protective Order agree that this Court shall retain jurisdiction over it and them for the purpose of enforcing this Stipulated Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: January 9, 2007          MORRISON & FOERSTER LLP

                                By: /s/
                                    Jill Neiman
                                    Attorneys for Plaintiff Applied Elastomerics, Inc.

Dated: January 8, 2007          DILLINGHAM & MURPHY, LLP

                                By: /s/
                                    J. Cross Creason
                                    Attorneys for Defendant Z-Man Fishing Products, Inc.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: January 11, 2007         _____
                                United States District Judge
                                Honorable Claudia Wilken

I, Jill Neiman, am the ECF User whose ID and password are being used to file this [Proposed] Stipulated Protective Order.  In compliance with General Order 45, X.B., I hereby attest that J. Cross Creason has concurred in this filing.

Dated: January 9, 2007          MORRISON & FOERSTER LLP

                                By: /s/
                                    Jill Neiman
                                    Attorneys for Plaintiff Applied Elastomerics, Inc.

**EXHIBIT A**

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of Applied Elastomerics Incorporated v. Z-Man Fishing Products, and related counterclaims, Northern District of California Case No. C 06-02469. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                         [printed name]

Signature: _____
                    [signature]