IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLIED ELASTOMERICS, INCORPORATED, a California corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>Z-MAN FISHING PRODUCTS, INCORPORATED, a South Carolina corporation,<br><br>    Defendant.<br>_____/<br><br>AND RELATED COUNTERCLAIMS.<br>_____/ | No. C 06-2469 CW<br><br>ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS AND GRANTING IN PART PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS |

    Defendant Z-Man Fishing Products, Inc. moves for partial judgment on the pleadings in its favor with respect to Plaintiff Applied Elastomerics, Inc.'s claim for a contractual trebling penalty. Plaintiff opposes the motion and, in a separate motion, moves to dismiss the second, third, fourth, fifth, sixth and seventh causes of action in Defendant's third amended counter-complaint. Although Defendant opposes that motion, it agrees to the dismissal of its second, third, fifth, sixth and part of its

seventh counterclaims. The matter was decided on the papers. Having considered all of the papers filed by the parties, the Court denies Defendant's motion and grants Plaintiff's motion in part and denies it in part.

## BACKGROUND

As explained in the Court's prior orders, Plaintiff invents and patents certain chemical compositions, composites and articles made from these compositions and composites. Plaintiff commercializes its technology by licensing its patents, proprietary technology and know-how to third parties. Plaintiff's president, John Chen, handles all of the business aspects of commercializing the technology he invents and develops. Defendant develops and manufactures fishing lure components and fishing lures for major lure manufacturers. In 2001, Mike Shelton, Defendant's Vice President of Marketing and Sales and Director of Technology, contacted Mr. Chen concerning a fishing lure product that he was trying to develop, the "superworm."[1]

According to Plaintiff's complaint, the parties entered into a license agreement in July, 2001. The agreement is governed by California law. Under the agreement, Defendant must make one of two types of royalty payments on a quarterly basis: either a "running royalty," which is calculated as a percentage of Defendant's net revenues from sales of products using Plaintiff's technology or patents, or a "minimum royalty." Section 5.7 of the agreement further provides:

---

[1] The factual background of this case is described in the Court's August 10, 2006 and November 8, 2006 orders.

2

> In addition to the interest provision of this Section as to late royalty payments, the following shall be the penalty due to fraud or false statements in connection with any unpaid royalties for which AEI has provided Company with notification and which remain uncorrected or unpaid (with interest) under this Section for more than thirty (30) days from the date of such notification: A penalty of three (3) times the amount of royalty underpayment due to fraud or false statements which are unreported and unpaid falling within the term of this Agreement which penalty shall be considered as the sole compensation and damages for the unreported infringing sales and such sales shall be treated as infringing sales in accordance with 35 U.S.C. § 284.

In June, 2004, Defendant wrote to Plaintiff stating that it did not intend to pay any more royalties. According to Defendant, it did not owe any royalties under the agreement because it was not manufacturing and selling products that infringed the patent rights or used Plaintiff's technology. Plaintiff disagreed and sent Defendant numerous letters seeking to collect the minimum royalties it believed it was owed. Defendant refused to pay, again claiming that it did not owe Plaintiff any minimum royalties.

On April 7, 2006, Plaintiff brought this suit for breach of contract and breach of the covenant of good faith and fair dealing. Plaintiff seeks to recover the minimum royalties it alleges it is owed under the agreement; it does not seek to recover any running royalties. In addition, it alleges that, pursuant to section 5.7 of the agreement, the amount it is owed is subject to trebling because Defendant's failure to pay the minimum royalties was based on its false statements that it did not owe the minimum royalties.

Defendant filed a motion to dismiss for lack of personal jurisdiction, which the Court denied. On July 13, 2006, Defendant filed a complaint against Plaintiff in the District of South

3

Carolina; that case has been transferred to this district.[2]

Defendant filed its answer and twelve counterclaims, nine of which the Court dismissed with leave to amend. Defendant then filed its first amended counter-complaint, which contained five causes of action: (1) fraud; (2) negligent misrepresentation; (3) restitution; (4) breach of the covenant of good faith and fair dealing and (5) declaratory relief. With Plaintiff's stipulation, Defendant filed a second amended counter-complaint on January 3, 2007. The second amended counter-complaint contained only two claims for relief: breach of the covenant of good faith and fair dealing and declaratory judgment of no breach of contract for failure to pay royalties because of non-infringement.

Plaintiff moved to dismiss Defendant's second amended counter-complaint. The Court granted Plaintiff's motion, dismissing the breach of covenant cause of action with leave to amend and dismissing the breach of declaratory judgment cause of action without leave to amend. The Court instructed Defendant to include in its third amended counter-complaint any viable claims it wished to pursue from the transferred South Carolina action.

On March 15, 2007, Defendant filed its third amended counter-complaint, which contained seven causes of actions: (1) breach of the covenant of good faith and fair dealing; (2) declaratory judgment -- non-infringement; (3) declaratory judgment -- invalidity; (4) declaratory judgment -- co-inventorship; (5) constructive trust; (6) conversion; and (7) restitution --

---

[2]The Court related and consolidated the transferred case to this case.

4

1  unjust enrichment.  Shortly thereafter, Plaintiff covenanted not to
2  sue Defendant on the challenged patents.

LEGAL STANDARD

I.  Judgment on the Pleadings

Federal Rule of Civil Procedure 12(c) provides, "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."  Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law.  Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1990).  In considering a motion for judgment on the pleadings, the Court must accept the allegations of the non-moving party as true; the allegations of the moving party which have been denied are assumed to be false.  Id.  The Court, however, may consider facts that "are contained in materials of which the court may take judicial notice."  See Heliotrope General, Inc. v. Ford Motor Co., 189 F.3d 971, 981 n.18 (9th Cir. 1999) (quoting Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994)).

II.  Motion to Dismiss

A motion to dismiss for failure to state a claim will be denied unless it is "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Falkowski v. Imation Corp., 309 F.3d 1123, 1132 (9th Cir. 2002) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002)).  Dismissal of a complaint can be based on either the lack

5

of a cognizable legal theory or the lack of sufficient facts alleged under a cognizable legal theory. <u>Balistreri v. Pacifica Police Dept.</u>, 901 F.2d 696, 699 (9th Cir. 1990).

All material allegations in the complaint will be taken as true and construed in the light most favorable to the plaintiff. <u>NL Indus., Inc. v. Kaplan</u>, 792 F.2d 896, 898 (9th Cir. 1986).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required." Fed. R. Civ. P. 8(e).

## DISCUSSION

### I. Defendant's Motion for Partial Judgment on the Pleadings

Defendant seeks judgment on the pleadings that Plaintiff cannot recover on its claim for a trebling penalty under the agreement. It argues that the "fraud or false statements" trigger for the trebling provision applies only to fraud or false statements by the licensee regarding "running," or sales-based, royalties, not minimum royalties. Emphasizing one portion of section 5.7, Defendant contends that this is the only possible interpretation of the clause because sales, whether infringing or not, are not relevant to the calculation of minimum royalties: "A penalty of three (3) times the amount of royalty underpayment due to fraud or false statements which are unreported and unpaid falling within the term of this Agreement <u>which penalty shall be considered as the sole compensation and damages for the unreported infringing sales</u>."

6

1      Plaintiff, however, emphasizes a different portion of section
2 5.7:
3     In addition to the interest provision of this Section as to
      late royalty payments, the following shall be the penalty due
4     to fraud or false statements in connection with any unpaid
      royalties for which AEI has provided [Z-Man] with written
5     notification and which remain uncorrected or unpaid (with
      interest) under this Section for more than thirty (30) days
6     from the date of such notification. . . .

7 In particular it emphasizes "with any unpaid royalties."  Plaintiff
8 argues that the only way to interpret this section is to find that
9 the trebling provision applies to any unpaid royalties, which
10 includes both minimum and running royalties.
11      The Court need not at this time determine which party's
12 interpretation is correct.[3]  Even if Defendant is correct that the
13 language of the contract supports its interpretation, not
14 Plaintiff's, the Ninth Circuit requires that the Court give
15 Plaintiff "an opportunity to present extrinsic evidence as to the
16 intention of the parties in drafting the contract."  Trident Center
17 v. Connecticut General Life Ins. Co., 847 F.2d 564, 570 (9th Cir.
18 1988).  As explained in A. Kemp Fisheries, Inc. v. Castle & Cooke,
19 Inc., Bumble Bee Seafoods Div., 852 F.2d 493, 497 n.2 (9th Cir.
20 1988), under Trident, "courts may not dismiss on the pleadings when
21 one party claims that extrinsic evidence renders the contract
22 ambiguous."  Rather, the case must proceed beyond the pleadings so
23 that the court may consider the evidence and if, "after considering
24 the evidence, the court determines that the contract is not

---

[3] Nor will the Court address Defendant's suggestion that the trial date and other dates be delayed.  If Defendant desires to change the trial date and other dates in case management schedule, it must file a motion to do so.

reasonably susceptible to the interpretation advanced, the parol evidence rule operates to exclude the evidence." Id.

Because extrinsic evidence cannot be considered on a motion for judgment on the pleadings, Defendant's motion cannot be granted. Defendant fails to establish clearly on the face of the pleadings that no material issue of fact remains to be resolved concerning the trebling penalty and that it is entitled to judgment as a matter of law.

II. Plaintiff's Motion

As noted above, Plaintiff moves to dismiss the second, third, fourth, fifth, sixth and seventh causes of action in Defendant's third amended counter-complaint. Defendant agrees to dismiss its second, third, fifth and sixth counterclaims. Although Defendant states in the introduction of its opposition that it agrees to dismissal without prejudice of its second and third counterclaims and dismissal with prejudice of its fifth and sixth claims, in its conclusion it states that it agrees to dismissal without prejudice.

The Court dismisses the second and third without prejudice; the fifth and sixth counterclaims are dismissed with prejudice. As Plaintiff notes, under California law, Defendant's fifth counterclaim for constructive trust is a remedy, not an independent cause of action, mandating dismissal with prejudice. See Stansfield v. Starkey, 220 Cal. App. 3d 59, 76 (1990). And Defendant seemingly concedes that the statute of limitation ran on its conversion claim before it first asserted that claim in the South Carolina action.

8

### A. Fourth Counterclaim

In its opposition, Defendant clarifies that its fourth counterclaim seeks to correct inventorship under 35 U.S.C. § 256 and nothing more. In response, Plaintiff withdraws its motion to dismiss the claim to the extent it relates to the three issued patents. It persists in its motion to dismiss the fourth counterclaim to the extent it relates to the pending patent that, according to Defendant's counterclaim, the Patent and Trademark Office is about to issue.

Section 256 authorizes judicial resolution of co-inventorship contests over issued patents, not over patents that have not yet issued at the time the complaint is filed. <u>Eli Lilly and Co. v. Aradigm Corp.</u>, 376 F.3d 1352, 1357 n.2 (Fed. Cir. 2004). The Federal Circuit has explained that the subsequent issuance of a patent after the complaint was filed cannot cure the jurisdictional defect. <u>GAF Building Materials Corp. v. Elk Corp. of Dallas</u>, 90 F.3d 479, 483 (Fed. Cir. 1996). Because the Court has no jurisdiction over the disputed inventorship of a pending patent application, even if that application then issues as a patent after the complaint was filed, the Court dismisses Defendant's claim concerning Patent Application No. 10/199,362. Defendant may seek to amend its complaint if a patent has issued based on that application.

### B. Seventh Counterclaim

Also in its opposition, Defendant explains that its seventh counterclaim for unjust enrichment is based on two theories: (1) restitution for Plaintiff's conversion of Defendant's

9

proprietary information and (2) restitution of money paid by Defendant to Plaintiff to the extent that a contract is not found to have existed between the parties. Defendant states that, because it agrees to dismiss its conversion claim, it also agrees to dismiss its restitution claim based on that theory. With regard to its second theory, however, Defendant argues that it has stated a valid counterclaim that should not be dismissed. It acknowledges, however, that it has not previously plead this theory in this action or in the transferred South Caroline action.

As Plaintiff points out, Defendant did not have the Court's permission to amend its counter-complaint to include a claim that was never before raised. Nonetheless, although the Court dismisses Defendant's claim for unjust enrichment based on its first theory, it will not dismiss Defendant's unjust enrichment claim based on its second theory. Defendant has asserted throughout this litigation its theory that a contract did not exist between the parties. Plaintiff will not be prejudiced by allowing Defendant to plead an unjust enrichment claim based on its theory of restitution of money paid by Defendant to Plaintiff to the extent that a contract is not found to have existed between the parties.

CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's Motion for Partial Judgment on the Pleadings (Docket No. 110).[4]

---

[4] Defendant's motion for judicial notice (Docket No. 111) is GRANTED. Defendant's motion to file a sur-reply (Docket No. 122) is DENIED. As Plaintiff notes in its opposition, the proposed sur-reply addresses issues that Defendant should have, and could have, addressed in its opposition.

10

Plaintiff's Motion to Dismiss (Docket No. 102) is GRANTED IN PART AND DENIED IN PART.  Defendant's second and third claims are dismissed without prejudice; the fifth and sixth claims are dismissed with prejudice.  The portion of Defendant's fourth claim to correct inventorship with respect to Patent Application No. 10/199,362 is dismissed without prejudice.  Defendant's seventh claim for unjust enrichment based on its conversion claim is dismissed with prejudice.  Defendant's seventh claim for unjust enrichment based on Defendant's theory that the parties never formed a contract, however, is not dismissed; Defendant can go forward with that counterclaim.

    Currently, the dispositive motion cut-off date is set for Friday, August 31, 2007 at 10:00 a.m.; that date is continued to Thursday, September 6, 2007 at 2:00 p.m.  The pretrial conference, currently scheduled for Friday, November 2, 2007, is continued to Tuesday, November 6, 2007 at 2:00 p.m.

    IT IS SO ORDERED.

Dated: 6/1/07

                                  CLAUDIA WILKEN
                                  United States District Judge