| | |
|---|---|
| 1 | JENNIFER LEE TAYLOR (CA SBN 161368) |
| | JTaylor@mofo.com |
| 2 | JILL NEIMAN (CA SBN 164702) |
| | JNeiman@mofo.com |
| 3 | GEOFFREY GRABER (CA SBN 211547) |
| | GGraber@mofo.com |
| 4 | MORRISON & FOERSTER LLP |
| | 425 Market Street |
| 5 | San Francisco, California  94105-2482 |
| | Telephone:  (415) 268-7000 |
| 6 | Facsimile:  (415) 268-7522 |
| 7 | Attorneys for Plaintiff/Counter-Defendant |
| | APPLIED ELASTOMERICS, INCORPORATED |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | | |
|---|---|---|
| APPLIED ELASTOMERICS, INCORPORATED, a California corporation, | | Case No.    C06-02469 CW |
| | Plaintiff/Counter-Defendant, | **APPLIED ELASTOMERICS INCORPORATED'S NON-OPPOSITION TO Z-MAN FISHING PRODUCTS, INCORPORATED'S ALTERNATIVE ADMINISTRATIVE MOTION TO AMEND THE BRIEFING SCHEDULE AND OPPOSITION TO Z-MAN FISHING PRODUCTS, INCORPORATED'S ADMINISTRATIVE MOTION TO STRIKE MOTION FOR SUMMARY JUDGMENT** |
| v. | | |
| Z-MAN FISHING PRODUCTS, INCORPORATED, a South Carolina corporation, | | |
| | Defendant/Counter-Complainant. | |
| | | Date:     N/A |
| | | Time:     N/A |
| | | Ctrm:     2 |
| | | Judge:    Hon. Claudia Wilken |

Plaintiff and Cross-Defendant Applied Elastomerics, Incorporated ("AEI") hereby files a Statement of Non-Opposition to the Alternative Administrative Motion of Defendant and Cross-Complainant Z-Man Fishing Products, Incorporated ("Z-Man") to Amend Briefing Schedule and hereby opposes the Administrative Motion to Strike filed by Z-Man.

## AEI'S NON-OPPOSITION TO Z-MAN'S ALTERNATIVE MOTION TO AMEND BRIEFING SCHEDULE

AEI notes that Z-Man has filed two alternative administrative motions. The first seeks to strike AEI's Motion for Partial Summary Judgment, which AEI opposes, as discussed further below. The second seeks to amend the briefing schedule for the dispositive motions in this case to comport with AEI's understanding of the current briefing schedule. Because Z-Man is proposing to amend the briefing schedule to comport with AEI's understanding of the current briefing schedule, AEI does not oppose this alternative motion.

AEI agrees that the Court should issue an order confirming the following six-week briefing schedule in anticipation of the September 6, 2007 hearing date for dispositive motions:

August 9, 2007 (last day for Z-Man to oppose AEI's Motion for Partial Summary Judgment and to file any dispositive motion, contained in one brief)

August 16, 2007 (last day for AEI to file a reply on its Motion for Partial Summary Judgment and to oppose any dispositive motion filed by Z-Man, contained in one brief)

August 23, 2007 (last day for Z-Man to file a sur-reply).

## AEI'S OPPOSITION TO Z-MAN'S MOTION TO STRIKE AEI'S MOTION FOR SUMMARY JUDGMENT

**I.  INTRODUCTION**

Z-Man's Motion to Strike AEI's Motion for Summary Judgment is baseless and should be denied. Z-Man erroneously asserts that the Court's six-day continuance of the dispositive motion hearing date in this case did not similarly continue the briefing deadlines, and therefore AEI's Motion for Partial Summary Judgment, filed on July 26, 2007, was untimely because it was not filed six days earlier. Z-Man does not identify any rule or other authority to support its assertion. Nor does Z-Man identify any prejudice that it would suffer if the briefing deadlines were

1  continued by six days, as AEI believes happened.  Instead, Z-Man simply contends that AEI's
2  Motion for Partial Summary Judgment is untimely, and therefore must be stricken, because the
3  Court's Order continuing the dispositive motion hearing date did not also *expressly* continue the
4  briefing schedule.  Z-Man's contentions do not justify the extraordinary relief Z-Man requests.

5  First, AEI's interpretation of the Court's Order is consistent with the Local Rules, which
6  provide that the continuance of a hearing date automatically extends the time to file opposition
7  and reply papers.  Second, AEI would be severely prejudiced if it is barred from filing a
8  dispositive motion in this matter.  In contrast, Z-Man suffers no prejudice under AEI's
9  interpretation of the Court's Order and has even filed an alternative motion seeking the exact
10 schedule that AEI believes is already in place.  Third, granting Z-Man's request would result in a
11 waste of judicial resources because it would deny the Court the opportunity to eliminate meritless
12 claims and streamline this case.  Fourth, barring AEI from filing its motion is unwarranted given
13 Z-Man's tactics.  Z-Man does not dispute that AEI previously informed Z-Man that AEI intended
14 to file a summary judgment motion on July 26, 2007 or that Z-Man did not speak up regarding its
15 own view of the deadline during that conversation or during the entire next week.

16 **II.     RELEVANT FACTS**

17 On November 8, 2006, the Court entered its Initial Case Management Order ("Initial
18 Order").  The Initial Order provided that dispositive motions would be heard on Friday,
19 August 31, 2007.  The Initial Order further provided a six-week briefing schedule, with AEI's
20 opening brief due on July 20, 2007; Z-Man's opposition and any cross-motion due on August 3,
21 2007, AEI's reply and opposition to any cross-motion due on August 10, 2007, and Z-Man's sur-
22 reply due on August 17, 2007.  (Initial Order at 1.)

23 In May 2007, the Court changed its law and motion day from Fridays to Thursdays.  On
24 June 1, 2007, the Court ruled on Z-Man's Motion for Judgment on the Pleadings and AEI's
25 Motion to Dismiss.  ("June 1 Order")  In the June 1 Order, the Court continued the hearing on
26 dispositive motions by six days — from Friday, August 31, 2007 to Thursday, September 6,
27 2007. (June 1 Order at 11.)  AEI understood that the Court's June 1 Order also continued the
28 briefing dates by six days, as is the practice under the Local Rules.

1   On July 19, 2007, counsel for the parties spoke regarding various outstanding discovery
2   issues. (Declaration of Geoffrey Graber ("Graber Decl.") ¶ 2.) In particular, Z-Man indicated
3   that Z-Man intended to take discovery on the co-inventorship issue during August. (*Id*.) In
4   response, AEI noted that the parties would be briefing their dispositive motions in August and
5   expressed concern that Z-Man would use such discovery as an excuse to delay the hearing on
6   dispositive motions. Z-Man then asked when AEI's brief was due. (*Id*.) AEI responded that
7   under the Court's Orders, AEI's opening brief was due on July 26, 2007. (*Id*.) Z-Man did not
8   indicate that this conflicted with Z-Man's interpretation of the Court's Orders. (*Id*.) Instead,
9   Z-Man simply noted that it might not make sense for the parties to brief dispositive motions
10  during discovery. (*Id*.; *see also*, Creason Decl. ¶ 7, Ex. G [7/19/07 Ltr. from Graber to Rogers].)

11  One week later, on July 25, 2007, AEI contacted Z-Man regarding certain portions of a
12  deposition transcript to be filed the next day in AEI's Motion for Summary Judgment. (Creason
13  Decl. ¶ 3, Ex. C [Email Correspondence].) On the morning of July 26, 2007, Z-Man responded,
14  stating that it was "surprised" to learn that AEI would be filing its summary judgment motion the
15  next day, and asserted that AEI's filing deadline had passed on July 20, 2007. (*Id*.) Z-Man stated
16  that if AEI filed its summary judgment motion on July 26, Z-Man would "move to strike it as
17  untimely and prejudicial since the late filing will mean that Z-Man has six fewer days to respond
18  than the Court ordered." (*Id*.)

19  AEI responded to this email, explaining that the Court's six-day continuance of the
20  hearing date continued the briefing deadlines by six days. (*Id*.) AEI further noted that Z-Man
21  would not be prejudiced because it would have two weeks to file its opposition and cross-motion
22  (on August 9), as provided under the Court's Initial Order. (*Id*.) AEI filed its Motion for Partial
23  Summary Judgment on July 26, 2007 and Z-Man filed this Motion to Strike on July 30, 2007.

24  **III.   Z-MAN'S MOTION SHOULD BE DENIED BECAUSE THE BRIEFING
        DEADLINES WERE CONTINUED AS A RESULT OF THE COURT'S
25      CONTINUANCE OF THE HEARING DATE**

26  Z-Man's Motion to Strike AEI's Motion for Summary Judgment should be denied.
27  According to Z-Man, the Court maintained the original briefing schedule despite the fact that it
28  continued the dispositive motion hearing date by six days. This is wrong. Local Rule 7-7(d)

provides that "unless the order for continuance specifies otherwise, the entry of an order continuing the hearing of a motion automatically extends the time for filing and serving opposing papers or reply papers to 21 and 14 days, respectively preceding the new hearing date." N.D. Cal. Civ. LR 7-7(d). The Court's six-day continuance of the hearing date in this case automatically altered the briefing deadlines by six days as well. Contrary to Z-Man's suggestion, nowhere in the June 1 Order did the Court state that the briefing schedule remained the same.

Accordingly, Z-Man's Motion to Strike should be denied.

## IV.    Z-MAN'S MOTION TO STRIKE SHOULD BE DENIED EVEN IF AEI'S INTERPRETATION IS NOT CONSISTENT WITH THE COURT'S INTENT

Even if the Court intended to leave the original briefing schedule intact, Z-Man's Motion to Strike should be denied. First, as noted above, AEI's interpretation of the Court's Orders was reasonable. In general, under the Local Rules, an order continuing the hearing date of a motion automatically continues the briefing deadlines. AEI should not be barred from filing a dispositive motion after interpreting the Court's Orders in a manner consistent with the Local Rules.

Second, AEI would be severely prejudiced if it were barred from filing its dispositive motion because it would be forced to go to trial on the several issues on which it moved for summary judgment. In contrast, Z-Man suffers absolutely no prejudice under AEI's interpretation of the Court's Orders and has even filed an alternative motion seeking a briefing schedule that is consistent with AEI's understanding of the Court's Orders.

Third, granting Z-Man's motion would result in the needless waste of judicial resources. AEI has moved for summary judgment on four issues in an effort to streamline this case for trial. AEI believes that the Court is likely to grant summary judgment on each of these issues. It would be a waste of judicial resources if Z-Man were permitted to try these issues to the Court, when they could be resolved based on currently undisputed facts.

Fourth, the Motion to Strike should be denied because Z-Man has (once again) engaged in questionable litigation tactics. Z-Man does not dispute the fact that it was informed on July 19, 2007 that AEI would file its motion for summary judgment on July 26, 2007. (*Cf.* Graber Decl. ¶ 2, with Motion to Strike at fn. 2.) Z-Man also does not dispute that it failed to acknowledge at

that time or during the next week that there was any disagreement regarding the briefing schedule in this matter. (*Id.*) Nevertheless, a week later Z-Man claimed it was "surprised" that AEI would be filing its Motion for Summary Judgment on July 26. (Creason Decl. ¶ 3, Ex. C [Email Correspondence].) The Court should not sanction such gamesmanship.[1]

Z-Man's gamesmanship is particularly inappropriate if one considers how courteously AEI treated Z-Man when Z-Man made a docketing error on a deadline earlier this year. When Z-Man failed to file an opposition to AEI's Motion to Dismiss Z-Man's Second Amended Counter-Complaint, AEI immediately called Z-Man day to remind Z-Man of the filing deadline. When Z-Man explained that there had been a calendaring error by its law firm, AEI agreed to adjust the briefing schedule to allow Z-Man to file its brief late. (Graber Decl. ¶ 3, Ex. A [Stip and Order re Briefing Schedule].)

## CONCLUSION

Z-Man's Alternative Motion to Amend Briefing Schedule should be granted and Z-Man's Motion to Strike AEI's Motion for Partial Summary Judgment should be denied.

Dated: August 1, 2007   MORRISON & FOERSTER LLP

By: /s/ Jennifer Lee Taylor
   Jennifer Lee Taylor
   Attorneys for Plaintiff/Counter-Defendant
   APPLIED ELASTOMERICS, INC.

---

[1] AEI does not believe it is necessary to respond to Z-Man's statements regarding its interpretation of the Court's July 13 Order on Z-Man's motion to continue the trial date and other dates, as the parties have stipulated to allow Z-Man to schedule its desired third-party depositions on a schedule that is convenient to Z-Man.